IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus L. Green,<br><br>      Plaintiff,<br><br>vs.<br><br>Lake City Police Department and Inv.<br>Franklin McAllister,<br><br>      Defendants. | C/A No.: 1:09-1870-JFA-SVH<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, who is proceeding *pro se* in this action, was incarcerated at Florence County Detention Center ("FCDC") at the time of the complaint, but has since been transferred to Tyger River Correctional Institution. Plaintiff has alleged claims of violations of his constitutional rights, which are construed as brought pursuant to 42 U.S.C. § 1983.

Before the court is Defendants' Motion for Summary Judgment [Entry #21]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

Plaintiff filed his complaint in this action on July 21, 2009. Defendants filed a motion for summary judgment on November 2, 2009. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and

dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' Motion. [Entry #22]. Plaintiff filed a response in opposition to Defendants' Motion. [Entry #36]. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendants' motion for summary judgment be granted.

Plaintiff was arrested for petty larceny on October 1, 2008, as a result of stealing copper from a local merchant. (*See* Pl.'s Opp'n Br. at 1)  Plaintiff was then arrested for grand larceny with regard to the same incident by Defendant McAllister on October 15, 2008, after the Lake City Police Department ("LCPD") received a statement from the victim indicating the amount stolen was worth over $1000.  The grand larceny charge was later dismissed on June 23, 2009 as a result of a plea bargain.  Prior to its dismissal, Plaintiff spent 99 days in jail on the charge until he posted bond in January 2009. Plaintiff maintains that he was falsely arrested by Defendant McAllister and that he lost his job and time with his children as a result.

II.     Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set

forth a federal claim. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); *see also Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. *See* Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the *Celotex* case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322–323.

III.   Analysis

   A.   Claims against Defendant LCPD

Defendant LCPD argues that it is not a proper defendant in a case brought pursuant to 42 U.S.C. § 1983. The court agrees. The LCPD contends that it is not a legal entity or person amenable to suit under 42 U.S.C. § 1983. Buildings, walls, and fences do not act under color of state law. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. *See, e.g., Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); *Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D.Fla. 1990); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit). Hence, the LCPD is not a "person" subject to suit under § 1983.

Even is LCPD were an entity amenable to suit under § 1983, Plaintiff has not alleged that LCPD took any of the alleged actions. Plaintiff cannot establish LCPD is liable for the acts of its employees on a respondeat superior theory. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987).

B.  Arrest on October 15, 2008

Plaintiff does not appear to dispute his arrest on October 1, 2008, by Officer Smith, who is not a party to this action, for which Plaintiff was released on a "PR bond." Instead, Plaintiff appears to allege violation of his Fourth Amendment rights as well as possible state law torts, through false arrest by Defendant McAllister on October 15, 2008. The warrant resulting in Plaintiff's October 15, 2008 arrest was based on the victim's written statement indicating the copper stolen amounted to over $1,700, which changed the crime from petty larceny to grand larceny. The complaint does not dispute that Plaintiff was arrested with a warrant signed by a judge. In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir.1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest). The complaint fails to state a claim under § 1983 for violation of constitutional rights based on the allegations of false arrest.

C.  State Law Claims

Plaintiff has also brought claims pursuant to state law. Having found that Defendants are entitled to summary judgment regarding Plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief pursuant to state law. *See* 28 U.S.C. § 1367(c).

IV.     Conclusion

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment [Entry #21] be granted and this case be dismissed in its entirety.

IT IS SO RECOMMENDED.

*[signature]*

August 3, 2010                                         Shiva V. Hodges
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**