IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcus L. Green, | ) | C/A No.: 1:09-1870-JFA-SVH |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Lake City Police Department; and Investigator Frank McAllister, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Marcus L. Green, brings this action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights and alleging that he was falsely arrested by the defendants. At the time the complaint was filed, plaintiff was incarcerated at the Florence County Detention Center.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that this court should grant the defendants' motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on August 3, 2010. Plaintiff filed timely objections to the Report after being granted an extension within which to do so.

Plaintiff's claim centers around his arrest by defendant McAllister on October 1, 2008 for stealing copper from a local merchant. Plaintiff was incarcerated for less than three months and later posted bond. It is not clear from the record if the charges stemming from the arrest have been adjudicated or what is the outcome of such proceedings. The plaintiff is presently incarcerated at the Tyger River facility of the South Carolina Department of Corrections.

As the Magistrate Judge correctly notes, the claims against defendant Lake City Police Department (LCPD) cannot stand because the LCPD is not a proper defendant in a case brought under § 1983. Plaintiff has not alleged that the LCPD took any of the alleged actions, nor can he establish that LCPD is liable for the acts of its employees on a respondeat superior basis. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987).

To the extent that plaintiff alleges a Fourth Amendment violation as a result of his alleged false arrest by defendant McAllister, the Magistrate Judge correctly suggests that the plaintiff fails to state a claim under § 1983. In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998).

There is no dispute that the plaintiff was arrested with a valid warrant issued by a judicial officer.

This court further agrees with the Magistrate Judge's recommendation that it decline to exercise supplemental jurisdiction over any claims for relief under state law. *See* 28 U.S.C. § 1367(c).

In his objections to the Report, the plaintiff does not set forth specific objections, but merely reargues his claims set forth in the original complaint. As such, plaintiff's objections are overruled. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The defendants' motion for summary judgment is hereby granted.

IT IS SO ORDERED.

September 13, 2010  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge